UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REED K. McDONALD,<br><br>                              Plaintiff,<br><br>         -against-<br><br>CITIBANK N.A.; SHANA KLOEK, in her individual and professional capacity as Clerk of Court for Arapahoe County, Colorado,<br><br>                              Defendants. | 21-CV-0298 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se* and having paid the relevant fees, brings this action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, alleging that Defendants violated his constitutional rights in foreclosure proceedings regarding real estate located in Arapahoe County, Colorado.[1] For the reasons set forth below, the Court transfers this action to the United States District Court for the District of Colorado.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff has filed a series of civil actions stemming from the foreclosure and sale of a house in Colorado that led to his eviction from that property. He has filed these actions in both the state and federal courts of Colorado, and this action appears to be his latest effort for relief with regard to that property. *See McDonald v. Arapahoe Cty.*, No. 17-CV-1701, 2018 WL 571876, at *1 (D. Colo. Jan. 26, 2018), *aff'd*, 755 F. App'x 786 (10th Cir. 2018) (summary order); *see also Citibank, N.A. v. McDonald*, No. 14CA0759, 2015 WL 6121749, at *1 (Colo. App. Oct. 15, 2015) (unpublished).

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, a resident Colorado, filed this complaint regarding the foreclosure on, and his eviction from, real estate located in Arapahoe County, Colorado. He names as the defendants Citibank N.A., a bank based in New York, and Shana Kloek, identified as "the Clerk of Court for Arapahoe, Colorado." Plaintiff asserts that venue is proper here because (1) Citibank N.A. is headquartered in New York City, (2) the purchase contract for the mortgage loan for the property at issue is governed by New York law, and (3) the courts and judges in Colorado have refused to uphold and enforce the laws relating to his claims.

Because Plaintiff does not allege that all of the defendants reside in New York or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue does not appear to be proper in this court under § 1391(b)(1), (2). Plaintiff's claims arose in Arapahoe County, Colorado, which is in the District of Colorado. *See* 28 U.S.C. § 85. Accordingly, venue lies in the District of Colorado, *see* § 1391(b)(2), and this action is transferred to the United States District Court for the District of Colorado, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Colorado. This order closes this case.

Although Plaintiff has paid the filing fees to bring this action, the Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good

faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  February 5, 2021
        New York, New York

                                      COLLEEN McMAHON
                                   Chief United States District Judge